UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KAJUAN JEFFERSON,

                   **Plaintiff,**

v.                                    **Case No:  6:22-cv-346-PGB-DAB**

FARESSA R. SLAUGHTER;
INDIA A. BRITTON;
ANN COFFIN;
VICTORIA P. SIPLIN;
DONOVAN RICHARDS; and
EILEEN M. STACK,

                   **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **FOUR DEFENDANTS' MOTIONS TO DISMISS THE COMPLAINT (Docs.: Britton 49; Coffin 50; Stack 62; Richards 77)** |
| **FILED:** | **April 14 – May 31, 2022** |

**For the reasons stated herein,** it is **RECOMMENDED** that the four motions be **GRANTED**  and that the **case be DISMISSED as to ALL Defendants for lack of jurisdiction.**

Plaintiff Kajuan Jefferson, proceeding *pro se*, has sued six Defendants for claims stemming from child support enforcement efforts by public officials in New York and Florida over the last two decades. Doc. 1. Four of the Defendants, including three public officials and the mother of one of his children, move to dismiss the claims he has asserted against them on various grounds. Docs. 49, 50, 62, 77. Because the Court finds it lacks subject matter jurisdiction over Jefferson's claims against all Defendants, it is respectfully recommended that the four Motions to Dismiss for lack of jurisdiction be granted, and that the case be dismissed as to all remaining Defendants.

## I.  BACKGROUND

Plaintiff Jefferson,[1] proceeding *pro se*, filed a Complaint against numerous Defendants, based on allegations arising out of two child support cases in Florida and New York. Doc. 1. The first child support enforcement proceedings were initiated in 2005 by Jefferson's estranged wife, Defendant Faressa Slaughter, who he married on February 21, 2001. *Id.* at 7. They have a daughter together. Doc. 13. Jefferson alleges that she moved out in 2004, but they are "still currently married" as of 2022, and her "abandonment" and pending engagement to

someone else are "justified grounds for the dissolution of marriage" that he seeks in this federal court. *Id*. at 7-8, 11, 23.

In 2005, he alleges, the Florida Department of Revenue ("DOR") commenced an action against him[2] for an income deduction award and issued an order compelling him to submit to DNA testing to establish paternity; DOR officers subsequently entered money judgments against him, and his wages were garnished in 2008 through an Income Withholding Order ("IWO"). *Id.* at 8-11. He alleges that in 2020, different amounts were garnished from his Social Security Disability payments through amended IWOs and without a "due process" hearing.[3] *Id.* at 12-13.

Jefferson alleges that the mother of a second child of his, India A. Britton, also sought to enforce a child support order following a paternity action against him in 2006 in the Family Court of the State of New York, Queens County.[4] *Id.* at 13-14. In enforcing the child support order in 2006, New York Child Support Services sent multiple IWO notices to his employers and reported Jefferson's

---

[1] Jefferson resides in Clermont, Florida (Doc. 1 at 4) which is in Lake County. Thus, his case should have been filed in the Ocala Division. Local Rule 1.04(b).

[2] Case No. DR 05-13494 (April 15, 2005).

[3] He also contends that on October 30, 2020, $8.70 was ordered taken out of his SSD payments, and although he contacted an SSA Claims specialist and SSA District Garnishment manager, he received an incomplete copy of the amended IWO. Doc. 1 at 13.

[4] New York Family Court Case number NT05929N1.

delinquent debt to credit reporting agencies. *Id.* On March 12, 2012, the New York Family Court entered a money judgment against him in favor of Britton; New York Child Support Services garnished Jefferson's Navy Federal Credit Union account in 2017 and issued an IWO on his Social Security Disability. *Id.* at 14, 17-18. Jefferson also claims that when he appeared for an administrative hearing in Queens, New York, on September 9, 2015, he was arrested for missing the previous hearing. *Id.* at 15-16. In October 2020, the New York Child Support Services' enforcement efforts for his child support arrearages apparently were terminated. *Id.* at 18.

Jefferson's repeated attempts to get copies of the enforcement records from the Orange County Clerk of Court, the Florida DOR, the New York authorities, and the Social Security Administration, have all been unsuccessful. *Id.* at 10-12, 16-17.

On February 14, 2022, Jefferson filed suit against the mothers of the children he fathered—Faressa Slaughter and India Britton—and public officials arising out of the child support enforcement actions: Ann Coffin, Program Director of the Office of Child Support Enforcement for the Florida Department of Revenue; Eileen Stack, Deputy Commissioner of Child Support Services, New York State Office of Temporary and Disability Assistance; and Donovan

Richards, Queens County Borough President.[5] Doc. 1 at 4-5. Jefferson asserts claims for "wrongful garnishment" for the child support debts; "conspiracy to interfere with civil rights" and "invasion of privacy by the government" for "premeditated identity theft" in obtaining his social security number[6] related to the paternity and child support actions; libel/defamation for the negative credit reporting from the child support debts; intentional infliction of emotional distress for use of his social security number; "abuse of process" to "seize his income"; and seeks the "dissolution of marriage" in this federal court. *Id.* at 18-23. He seeks a refund of all of the money the public officials have garnished for child support, as well as compensatory and punitive damages, and "removal from all parent locator systems," government registries, and computer systems, in addition to other relief. *Id.* at 24-25.

Defendants Britton, Coffin, Stack, and Richards have moved to dismiss the Complaint (collectively, the "Motions to Dismiss") Doc. Nos. 49, 50, 62, 77. The Motions have been referred to the undersigned for report and recommendation.

---

[5] Jefferson has named as a Defendant Orange County Commissioner Victoria P. Siplin, although her connection to the case is dubious (especially since he resides in Lake County); however, Jefferson has not properly served her with process in the case within 90 days of filing suit, as required under Federal Rule of Civil Procedure 4(m). *See* Doc. 48.

[6] Slaughter explains that she provided Jefferson's social security number, which is on the marriage license, as part of the application for child support enforcement. Doc. 13.

On May 20, 2022, the Court granted Defendants' unopposed Motions to Stay Discovery until they receive a ruling on their Motions to Dismiss. Doc. 70.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The claimant is not required to make "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint satisfies Rule 8(a)(2) if it "give[s] the defendant fair notice of what [the plaintiff's] claim is and the grounds upon which it rests." *Id*. "Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law." *Sanctuary Surgical Ctr., Inc. v. Aetna, Inc*., No. 11–80799–CV, 2012 WL 993097, at * 2 (S.D. Fla. Mar. 22, 2012) (citing *Marshall Cnty Bd. of Educ. v. Marshall Cnty. Gas Dist*., 992 F.2d 1171, 1174 (11th Cir. 1993).

"[T]he Court is obligated to determine whether it has jurisdiction over this case before it may allow [a] plaintiff to proceed." *Pierre v. U.S. Bank, Nat'l Ass'n*, No. 6:14-cv-1781-ORL-40GJK, 2014 WL 12629788, at *1 (M.D. Fla. Nov. 5, 2014) (Byron, J). "A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings."

*Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 n. 6 (11th Cir. 2001); Fed. R. Civ. P. 12(h)(3).

### III. ANALYSIS

A. *Statute of Limitations Grounds*

Defendants argue that Jefferson's claims are barred by the statute of limitations for tort claims in Florida, which is four years. *See* Fla. Stat. § 95.11. "A dismissal for failure to state a claim on statute of limitations grounds is appropriate "'only if it is apparent from the face of the complaint that the claim is time-barred.'" *United States ex rel. Hunt v. Cochise Consultancy, Inc.*, 887 F.3d 1081, 1085 (11th Cir. 2018), *aff'd*, 139 U.S. 1507 (2019). "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations for personal injury claims in the state where the action is brought." *Hidgon v. Tusan*, 746 F. App'x 805, 814 (11th Cir. 2018)[7]; *Chappell v. Rich*, 340 F.3d 1279. 1283 (11th Cir. 2003) (same statute of limitations applies to claims brought under § 1985).

Jefferson filed his lawsuit on February 14, 2022. However, his claims against Defendant Richards,[8] brought under §§ 1983 and 1985, are based on the

---

[7] Unpublished opinions of the Eleventh Circuit constitute persuasive, and not binding, authority. *See* 11th Cir. R. 36-2 and I.O.P. 6.

[8] Richards also argues that Jefferson's civil rights claims brought against him as a municipal official sued in his official capacity should be dismissed because Jefferson fails to allege a municipal "custom or policy" that led to his deprivation of rights consistent with *Monell v. Dep't*

child support enforcement action and his alleged detention in Queens County Court on September 9, 2015—six and a half years earlier. Jefferson's claim against Defendant Britton alleges that she caused him intentional infliction of emotional distress when she applied for state assistance in obtaining child support,[9] and provided his social security number without his permission, on November 16, 2005 (Doc. 1 ¶ 26)–seventeen years before Jefferson filed suit.

It is apparent from the face of the Complaint that Jefferson's claims against Richards and Britton are completely time-barred. The claims against these Defendants are barred by the four-year statute of limitations and the Court will recommend dismissal on that basis. *See, e.g.*, *Higdon*, 746 F. App'x at 814 (dismissing § 1983 claims arising out of adverse rulings in divorce case that were entered past the statute of limitations and therefore barred); *Cuevas v. Henao*, No. 18-cv-20697, 2018 WL 9273582 (S.D. Fla. Aug. 31, 2018) (dismissing §§ 1983 and 1985 claims asserted in 2018 alleging that the defendants intentionally conspired against him, at the latest, in 2004). Accordingly, it is respectfully recommended

---

*of Soc. Servs.*, 436 U.S. 658 (1978). Doc. 77 at 8-9. The Court need not address this ground for dismissal, given the recommendation to dismiss based on the lack of subject matter jurisdiction.
[9] The statute of limitations in New York, where Britton applied for child support, is one-year for an intentional tort. *See Goldner v. Sullivan, Gough, Skipworth, Summers & Smith,* 482 N.Y.S.2d 606, 608 (N.Y. App. Div. 1984).

that the Court grant Britton's Motion to Dismiss (Doc. 49) and Richards' Motion
to Dismiss (Doc. 77) based on statute of limitations grounds.

B. *Domestic Relations Matters*

All four Defendants contend that the Court lacks jurisdiction over
Plaintiff's putative constitutional claims because they are barred by the
jurisdictional "domestic relations" exception. The United States Supreme Court
has recognized a "domestic relations" exception to federal jurisdiction "which
divests the federal courts of power to issue divorce, alimony, and child custody
decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). The Supreme Court
explained:

> As a matter of judicial economy, state courts are more eminently
> suited to work of this type than are federal courts, which lack the
> close association with state and local government organizations
> dedicated to handling issues that arise out of conflicts over divorce,
> alimony, and child custody decrees. Moreover, as a matter of judicial
> expertise, it makes far more sense to retain the rule that federal courts
> lack power to issue these types of decrees because of the special
> proficiency developed by state tribunals over the past century and a
> half in handling issues that arise in granting such decrees.

*Id.* at 704; *Cormier v. Green*, 141 F. App'x 808, 814 n.5 (11th Cir. 2005) (noting that
the Supreme Court in *Ankenbrandt* reaffirmed the "domestic relations
exception"). Because the "federal judiciary has traditionally abstained from
deciding cases concerning domestic relations," the federal courts generally

9

dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." *Moussignac v. Ga. Dep't of Human Res.*, 139 F. App'x 161, 162 (11th Cir. 2005) (quoting *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988)) (affirming district court dismissal for lack of jurisdiction over child support proceedings). This exception carries greater weight where exercising jurisdiction over a case would "mandate inquiry into the marital or parent-child relationship." *Ingram*, 866 F.2d at 370 (citing *Jagiella v. Jagiella*, 647 F.2d 561, 565 (5th Cir. 1981)); *see also Hays v. Hays*, 789 F. Supp. 378, 379-380 (M.D. Fla. 1992) (federal trial or district courts generally cannot review state court proceedings arising from divorce, custody, or property division proceedings, since the federal courts are not a forum for appealing state court decisions) (citing *Staley v. Ledbetter*, 837 F.2d 1016, 1017-1018 (11th Cir. 1988) (district court lacked jurisdiction to hear a constitutional claim which essentially sought to reverse a state court's custody determination)); *Tucker v. Fla. Dep't of Revenue*, No. 8:21-CV-1251-KKM-CPT, 2021 WL 5923064, at *5 (M.D. Fla. Nov. 3, 2021), *report and recommendation adopted*, No. 8:21-CV-1251-KKM-CPT, 2021 WL 5505441 (M.D. Fla. Nov. 24, 2021) (dismissing claim by a child support debtor alleging the wrongful collection of child support by a New York agency for

twenty years); *Arias v. Moody*, No. 8:18-cv-304-23CPT, 2018 WL 1525980, at *5 (M.D. Fla. Mar. 14, 2018), *report and recommendation adopted*, No. 18-cv-304, 2018 WL 1519045 (M.D. Fla. Mar. 28, 2018) (domestic relations exception warranted dismissal of claims challenging a state court alimony order); *Alabama v. Huffaker*, 2009 WL 197806, at *5 (S.D. Ala. Jan. 26, 2009) (remanding case involving child support payments based, in part, on domestic relations exception). It is respectfully recommended that all the Motions to Dismiss, and all claims against all Defendants be dismissed for lack of subject-matter jurisdiction.

C. *Rooker-Feldman* Grounds

In their Motions to Dismiss, Defendants also argue that dismissal is warranted based on the *Rooker-Feldman* doctrine. Federal courts are courts of limited jurisdiction, meaning that they are restricted to hearing those types of cases specifically enumerated by Article III of the United States Constitution or otherwise granted to them by the United States Congress. *Pierre*, 2014 WL 12629788 at *1 (citing *Smith*, 236 F.3d at 1299). Under the *Rooker-Feldman* doctrine, federal courts have no jurisdiction to review the final judgments of state courts. *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). Nor, under the *Rooker-Feldman* doctrine, may a federal court "decide federal issues that are raised in state proceedings and

'inextricably intertwined' with the state court's judgment," such as custody or child support determinations. *See Datz v. Kilgore*, 51 F.3d 252, 253 (11th Cir. 1995)(quoting *Staley*, 837 F.2d at 1018); *Liedel v. Juvenile Court of Madison County*, 891 F.2d 1542 (11th Cir. 1990) (finding that *Rooker–Feldman* doctrine bars federal court jurisdiction over a case involving ongoing child custody dispute, notwithstanding claims of violation of constitutional rights to due process).

In order to determine if the *Rooker–Feldman* doctrine applies, the Court must ask whether the party in federal court is the same as the party in state court, whether the prior state court ruling was a final or conclusive judgment on the merits, and whether the issue before the federal court was adjudicated by the state court. *Storck v. City of Coral Springs*, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003).

In this case, the *Rooker–Feldman* factors are all met: Jefferson seeks to have the Court review child support orders that Slaughter and Britton obtained from state courts in Florida and New York in 2005 and 2006, which were final orders; he had the opportunity to raise his claims in the state courts and tribunals deciding the child support orders or enforcing them; and his challenges before this court to the child support orders were "inextricably intertwined" with the state court's decisions.

12

Specific to the domestic disputes, federal courts generally cannot review state court proceedings that terminate, modify, or adjudicate parental rights, or support orders since the federal courts are not a forum for appealing state court decisions. *Hays v. Hays*, 789 F.Supp. 378, 379-380 (M.D. Fla. 1992) (citing *Staley v. Ledbetter*, 837 F.2d 1016, 1017-1018 (11th Cir. 1988)(district court lacked jurisdiction to hear a constitutional claim which essentially sought to reverse a state court's custody determination); *Arias*, 2018 WL 1525980, at *4 (holding that claims of plaintiff seeking to have federal court overturn the state court judgment regarding his alimony obligations would be dismissed).

The case of *Staley v. Ledbetter*, dismissing federal claims which essentially appealed a state child custody determination, is very much on point.  837 F.2d 1016 (11th Cir. 1988). In *Staley*, the adoptive mother first sought to regain custody of her child in the Georgia state court system, but lost in the juvenile court, the state court of appeals, and in the state supreme court. *Id*. The adoptive mother then filed a federal suit claiming violations of her constitutional rights, which the district court dismissed for lack of jurisdiction. The Eleventh Circuit affirmed the dismissal, stating, "[a federal district court] may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." *Staley*, 837 F.2d at 1018; *see also Drees v. Ferguson*, 396 F. App'x 656,

658 (11th Cir. 2010) (*Rooker–Feldman* criteria satisfied where plaintiff was the losing party in a state custody proceeding alleging injuries from her loss of custody and financial hardship caused by state court rulings and she sought federal court review to declare the state court rulings void); *Redford v. Gwinnett County Judicial Circuit,* 350 F. App'x 341 (11th Cir. 2009) (holding that *Rooker– Feldman* doctrine barred plaintiff's § 1983 cause of action against Georgia judges and child support services alleging civil rights violations related to plaintiff's divorce, child support obligations, and incarceration for failure to pay child support where the action was an explicit attempt to use federal courts to overturn Georgia state courts' decisions and to attack legality of his incarceration); *Incorvaia v. Incorvaia,* 154 F. App'x 127, 128 (11th Cir. 2005) (challenge to Florida court's alimony order barred by *Rooker–Feldman* because a finding that the order was unconstitutional would "effectively nullify" the state court's judgment).

In this case, the *Rooker-Feldman* doctrine applies to preclude Jefferson's claims seeking a "refund" and damages for the child support enforcement actions taken against him which were based on state court decisions that he was liable for child support as the parent of Slaughter's child and Britton's child. Plaintiff's suit is nothing more than an attempt to seek federal court review of the

state courts' decisions that he was liable for child support and enforcement against him. Thus, the Court is without jurisdiction over Plaintiff's claims, and it is recommended that Jefferson's claims be dismissed against all Defendants on that basis.

### D. Eleventh Amendment Immunity

Two state officials, Defendant Ann Coffin, Child Support Enforcement Program Director of the Florida Department of Revenue, and Defendant Eileen Stack, Deputy Commissioner of Child Support Services for New York State's Office of Temporary and Disability Assistance, move (in the alternative) for dismissal of Jefferson's claims for lack of subject matter jurisdiction on grounds of Eleventh Amendment immunity.[10] Doc. 62 at 7. The Eleventh Amendment is an absolute bar to a claim for damages under federal or state law against the states, their agencies, or officers sued in their official capacities for money damages, in this federal court. *See Kentucky v. Graham*, 473 U.S. 159, 165-68 (1985); *Hobbs v. Roberts*, 999 F.2d 1526, 1528 (11th Cir. 1993).

---

[10] Stack argues that, alternatively, Jefferson's claims against her should be dismissed because she is not the proper party for a challenge to administrative enforcement of a valid New York Family Court order of child support. Doc. 62 at 12-14. The Court need not reach this issue given the recommendation to dismiss on other grounds.

Generally, the Eleventh Amendment[11] prohibits suits in federal court brought by a state's own citizens for damages against a state, state agency or public official in their official capacity unless Congress has either abrogated the state's immunity, or the state has expressly waived it. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[A] suit in which [a] State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *DeKalb Cnty. School Dist. v. Schrenko*, 109 F.3d 680, 688 (11th Cir. 1997) (overturning "judgment . . . for violation of state law, a holding barred by the Eleventh Amendment"). "This jurisdictional bar applies regardless of the nature of the relief sought" and regardless of whether a plaintiff's claims are brought under federal or state law. *Id*. States may consent to be sued or otherwise waive their immunity under the Eleventh Amendment, but only under certain narrow circumstances, and courts presume that states have not waived their immunity. *Pennhurst*, 465 U.S. at 100–03; *Nat'l R.R. Passenger Corp. v. Rountree Transp. & Rigging, Inc.*, 896 F.Supp. 1204, 1207 (M.D.Fla.1995) (state agencies receive the same Eleventh Amendment protection from suit in a federal court as the state itself). The Florida legislature has given a strong indication that

---

[11] The Eleventh Amendment provides that the "Judicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the . . . States" by

it did not intend to waive its immunity to civil rights actions in federal court. *See*

*Gamble v. Florida Dep't of Health Ft Rehabilitative Servs.*, 779 F.2d 1509, 1515 (11th

Cir. 1986). The Florida Department of Revenue is a state agency. *See Univ. of*

*South Ala. v. Am. Tobacco*, 168 F.3d 405, 412 (11th Cir. 1999) (holding agencies or

instrumentalities of the state are immune from suit in federal court). New York's

Office of Temporary and Disability Assistance is also an "arm of the state" for

Eleventh Amendment purposes. *Baez v. New York*, 56 F. Supp. 3d 456, 464

(S.D.N.Y. 2014), *aff'd*, 629 F. App'x 116 (2d Cir. 2015).

Jefferson cannot sue these state agencies for monetary damages in federal

court because the Eleventh Amendment requires dismissal of the state officials

from Jefferson's claims challenging the child support enforcement. *See, e.g.,*

*Jackson v. Child Support*, No. 8:18-cv-2848-36SPF, 2018 WL 8754206, at *2-3 (M.D.

Fla. Dec. 5, 2018), *report and recommendation adopted*, 2019 WL 2052324 (M.D. Fla.

May 9, 2019) (discerning no Eleventh Amendment waiver in a child support-

related case against the Florida Department of Revenue); *Johnson v. New York*, 21

F. App'x 41, 43 (2d Cir. 2001) (dismissing State of New York and state agency on

Eleventh Amendment immunity grounds in a child support-related action).

---

citizens of another State, U.S. Const., Amdt. 11, and (as interpreted) by its own citizens. *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 618 (2002) (citation omitted).

To the extent Jefferson asserts a claim for conspiracy[12] brought under 42 U.S.C. § 1985, the claim also would be barred because the United States Supreme Court has concluded that Congress did not abrogate state sovereign immunity in enacting 42 U.S.C. § 1985. *Fincher v. State of Fla. Dep't of Labor & Emp't Sec.*, 798 F.2d 1371, 1372 (11th Cir. 1986) (no congressional abrogation of Eleventh Amendment immunity for § 1985); *Cuyler v. Scriven*, No. 11-cv-87, 2011 WL 861709, at *2 (M.D. Fla. Mar. 9, 2011) ("§ 1985 does not contain any express congressional abrogation of a state's Eleventh Amendment immunity"). Thus, the claims against Coffin and Stack as officials of state agencies, sued in their official capacities, would additionally be barred by Eleventh Amendment immunity.

E. *Claims against Faressa Slaughter*

Defendant Slaughter filed an Answer (Doc. 13). While she did not file a Motion to Dismiss, the Court finds it is without subject matter jurisdiction over Jefferson's claims under the "domestic relations" exception to federal court jurisdiction, as discussed above. Jefferson's claims against Slaughter for her actions taken to obtain child support and his claim for "marriage dissolution"

---

[12] To the extent that Jefferson attempts to state a claim for conspiracy under 18 U.S.C. § 241, he cannot because the criminal statute does not provide for a private cause of action. *See Durso v. Summer Brook Pres. Homeowners Ass'n*, 641 F. Supp. 2d 1256, 1267 (M.D. Fla. 2008).

from her are not properly brought in federal court.

It is respectfully recommended that the entire Complaint, including the claims against Defendant Slaughter, be dismissed without prejudice.

## CONCLUSION

"While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile." *Cornelius v. Bank of America, N.A.*, 585 F. App'x 996, 1000 (11th Cir. 2014) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). Here, given that Plaintiffs' claims are completely barred by the *Rooker-Feldman* doctrine and the "domestic relations" exception recognized by the Supreme Court (as well as the Eleventh Amendment and the statute of limitations for particular Defendants), any amendment would be futile.

The Court also notes that Jefferson is proceeding *pro se*. However, that does not prevent the District Court from imposing sanctions against him for filing a frivolous lawsuit. He cannot challenge his paternity proceedings and child support enforcement—arguing that a conspiracy existed between the entities in different states—with no factual support. *See Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (cautioning "future pro se litigants that an attempt to appeal domestic proceedings to federal court in the guise of civil

rights actions invites sanctions").

For the reasons stated herein, it is respectfully **RECOMMENDED** that:

1. The Motions to Dismiss brought by Defendants Britton, Coffin, Stack and Richards (Docs. 49, 50, 62, 77) be **GRANTED** and Jefferson's Complaint against **all** Defendants be **DISMISSED without prejudice**;

2. All other pending motions, including Plaintiff's Motion for Reconsideration on Entry of Default (Doc. 67) be **DENIED as moot**;

3. The Clerk be directed to close the case.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on July 29, 2022.

_____ *Celeste F Bremer* _____
**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
Counsel of Record
Unrepresented Parties