UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KAJUAN JEFFERSON,**

        **Plaintiff,**

v.                                        Case No: 6:22-cv-346-PGB-DAB

**FARESSA R. SLAUGHTER,
INDIA A. BRITTON, ANN
COFFIN, VICTORIA P. SIPLIN,
DONOVAN RICHARDS and
EILEEN M. STACK,**

        **Defendants.**

_____/

## ORDER

This cause comes before the Court on the following filings:

1. Defendant India A. Britton's ("**Defendant Britton**") Motion to Dismiss (Doc. 49) and Plaintiff Kajuan Jefferson's ("**Plaintiff**") Response in Opposition (Doc. 57);

2. Defendant Ann Coffin's ("**Defendant Coffin**") Motion to Dismiss (Doc. 50) and Plaintiff's Response in Opposition (Doc. 60);

3. Defendant Eileen M. Stack's ("**Defendant Stack**") Motion to Dismiss (Doc. 62) and Plaintiff's Response in Opposition (Doc. 66);

4. Defendant Donovan Richards' ("**Defendant Richards**") Motion to Dismiss (Doc. 77) and Plaintiff's Response in Opposition (Doc. 78);[1]

5. Plaintiff's Motion for Reconsideration on Entry of Default (Doc. 67); and

6. Magistrate Judge Celeste F. Bremer's Report and Recommendation as to these filings (Doc. 81 (the "**Report**")) and Plaintiff's Objection thereto (Doc. 85 (the "**Objection**")).

Upon consideration, Plaintiff's Objection is due to be overruled, the Report is due to be adopted in part, and the Motions to Dismiss are due to be granted.[2]

## I. BACKGROUND

The Court agrees in full with the procedural and factual background as set forth in the Report, and as such, it is hereby adopted and made a part of this Order. (*See* Doc. 81, pp. 2–6).

## II. STANDARDS OF REVIEW

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). However, "[f]rivolous, conclusive, or

---

[1] Collectively, the aforementioned four motions to dismiss will be referred to as the Motions to Dismiss. (Docs. 49, 50, 62, 77).

[2] Accordingly, Plaintiff's Motion for Reconsideration on Entry of Default, as well as any additional relief requested within, is due to be denied as moot. (Doc. 67).

2

general objections need not be considered by the district court."[3] *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III. DISCUSSION

In the Report, Magistrate Judge Bremer recommends the Motions to Dismiss be granted and the Complaint be dismissed as to all Defendants for lack of jurisdiction because of the statute of limitations, sovereign immunity, and the domestic relations exception to federal jurisdiction. (*See generally* Doc. 81). Upon *de novo* review, and after considering Plaintiff's Objection, the Court agrees with the findings and conclusions in the Report addressed herein.[4]

Overall, Plaintiff's Objection merely strings together sporadic factual allegations, some new and some old, with bare citations to various cases and

---

[3] Although *pro se* pleadings are liberally construed, courts are not required to "act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

[4] Considering the Court finds certain grounds for dismissal dispositive, the Court declines to address, and thus adopt, Magistrate Judge Bremer's recommended findings on *Rooker-Feldman* grounds. (*See* Doc. 81, pp. 11–15). In any event, Plaintiff's related objections are unclear and largely irrelevant. (*See* Doc. 85, pp. 15–19). Again, Plaintiff merely rehashes his perspective on the events leading up to this litigation, employing bald recitations to paragraphs from various cases and laws without addressing their specificity or impact on the analysis at hand. (*See id.*).

statutes—the relevance and impact of which on Judge Bremer's legal analysis remains unclear. (*See* Doc. 85).[5] Accordingly, Plaintiff's Objection does not identify an adequate basis for this Court to overrule the Report. Nonetheless, the Court will address those objections that are relevant, specific, and decipherable below.

### A. Statute of Limitations Grounds

The Report recommends that Plaintiff's claims against Defendant Richards, under § 1983 and § 1985,[6] and Defendant Britton, for intentional infliction of emotional distress,[7] are barred by the statute of limitations. (Doc. 81, pp. 7–9). Plaintiff objects—albeit without case citation or legal support—that he only learned of the alleged fraud around August of 2021, and thus, the statute of limitations has not run. (Doc. 85, p. 11). The Court, however, finds this objection without merit and frankly, implausible.

For starters, "[a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations for personal injury claims in the state where the action is brought." *Higdon v. Tusan*, 746 F. App'x 805, 814 (11th Cir.

---

[5] Simply put, the Court is unable to fully decipher the specific grounds upon which Plaintiff objects. *See, e.g.*, *United States v. Schultz*, 565 F.3d 1353, 1360–61 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.").

[6] In any event, as will be discussed *infra*, Defendant Richards is immune from Plaintiff's claims under the Eleventh Amendment. (*See* Doc. 81, pp. 15–18). Thus, the Court also finds additional grounds that warrant dismissal of Plaintiff's claims against Defendant Richards.

[7] Defendant Britton is only tangentially mentioned in Plaintiff's claims for invasion of privacy by the government and wrongful garnishment. (Doc. 1, ¶¶ 43, 46).

4

2018).[8] Claims brought under § 1985 are subject to the same aforementioned statute of limitations. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). Since Plaintiff brought his tort claims in Florida, the governing limitations period is four years. FLA. STAT. § 95.11 (2022). Similarly, claims for intentional infliction of emotional distress have a four-year statute of limitations. *E.g.*, *King v. Bencie*, 806 F. App'x 873, 875–76 (11th Cir. 2020). So long as "it is apparent from the face of the complaint that the claim is time-barred," dismissal on statute of limitations grounds is appropriate. *United States ex rel. Hunt v. Cochise Consultancy, Inc.*, 887 F.3d 1081, 1085 (11th Cir. 2018), *aff'd*, 139 S. Ct. 1507 (2019) (quoting *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)).

As Magistrate Judge Bremer correctly points out, Plaintiff's claims against both Defendants Britton and Richards clearly arise from events that occurred more than four years prior to the filing of this suit on February 14, 2022. (Doc. 81, pp. 7–9). Plaintiff's assertions against Defendant Britton stem from Defendant Britton's alleged misuse of Plaintiff's social security number in an application for state assistance to obtain child support on or around November 16, 2005—a whopping seventeen years before Plaintiff brought this action. (*Id.* at pp. 7–8; *see* Doc. 1, ¶ 26). On the other hand, Plaintiff's claims against Defendant Richards are based on the child support enforcement action and his alleged detainment in Queens County Court on September 9, 2015—six-and-a-half years prior to the

---

[8] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

initiation of this lawsuit. (Doc. 81, pp. 7–8; *see* Doc. 1, ¶ 32). Thus, absent an exception, the four-year statute of limitations period has long passed, and Plaintiff's claims against Defendants Britton and Richards are time-barred.

Under Florida Statute § 95.031(1), the statute of limitations begins to run "when the last element constituting the cause of action occurs." FLA. STAT. § 95.031 (2022). Florida, though, recognizes the doctrine of delayed discovery, which provides that "a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action." *King*, 806 F. App'x at 876 (quoting *Hearndon v. Graham*, 767 So. 2d 1179, 1184 (Fla. 2000)).

Accordingly, the only remotely relevant objection that Plaintiff sets forth is that he "discovered the fraud and facts injuring him and giving rise to his claim, on or around August 2021 after his records requests were ignored" by various government entities. (Doc. 85, pg. 11). Thus, Plaintiff opines that the statute of limitations "time clock would start from August 2021." (*Id.*). This objection, however, is not only based on newly raised factual allegations not supported or included in the pleadings but also lacks reliance on applicable law or precedent. Consequently, Plaintiff's last-ditch effort to conform his allegations to the delayed discovery doctrine is unsuccessful.[9]

---

[9] The Court notes that Plaintiff fails to explicitly mention this doctrine or reference any related case law. Nonetheless, the Court views Plaintiff's allegations liberally and will address the most applicable precedent on its own accord. *See supra* note 3.

6

For one, Plaintiff's contentions regarding the date he discovered the purported fraud are nowhere to be found in his Complaint. (*See* Doc. 1). Plaintiff simply cannot remedy pleading deficiencies within his Complaint in subsequent responses.[10] Nonetheless, even looking back to Plaintiff's Response to Defendant Britton's Motion to Dismiss, Plaintiff never mentions he only learned of the alleged "fraud" more than fifteen years after it occurred. (*See* Doc. 57, p. 10).[11] Instead, Plaintiff mistakenly, and without legal support, argues that the law allows "limitations [to] run from the time the cause of action is discovered or from the time the infliction ended," the latter date of which being "around October 30, 2020." (*Id.*). Such a contention is misguided—and not to mention, fully contradicts Plaintiff's later Objection that states he only discovered the fraud in August of 2021. (*See* Doc. 85, p. 11).[12]

---

[10] Plaintiff's Objection—as well his various responses to the Motions to Dismiss—seems replete with additional factual allegations not explicitly included in his Complaint. (*See generally* Doc. 85). "When considering a motion to dismiss, . . . 'the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). Thus, a complaint's sufficiency is "evaluated based on its contents [alone], not those of a subsequent memorandum of law." *SE Prop. Holdings, LLC v. Braswell*, No. CIV.A. 13-0267-WS-N, 2013 WL 4498700, at *5 n.6 (S.D. Ala. Aug. 21, 2013). Thus, Plaintiff cannot use responses to motions to dismiss and objections to reports and recommendations as a way to recharacterize or supplement facts in his initial Complaint.

[11] Although, in Plaintiff's Response to Defendant Richards' Motion to Dismiss, Plaintiff raises the argument that "[t]he statute of limitations begins running on the date of the discovery of the fraud that injures [his] rights and property." (Doc. 78, p. 12). Plaintiff then proceeds to allege, for the first time, that he only discovered the fraud on May 18, 2020. (*Id.*). Notably, the aforementioned date of discovery changes in his Objection, as does his argument on the surrounding law and when the statute of limitations should begin. (*Compare* Doc. 85, *with* Doc. 57, *and* Doc. 78). Nevertheless, again, dismissal of Plaintiff's claims against Defendant Richards is warranted under additional grounds.

[12] Plaintiff cannot continue to allege new facts nor attempt to adapt his factual allegations at every juncture merely to circumvent the law.

As noted previously, this action was filed on February 14, 2022. Thus, if any of Plaintiff's claims against Defendant Richards and Defendant Britton accrued prior to February 14, 2018, such claims are barred by the respective four-year statute of limitations. (*See* Doc. 1); *King*, 806 F. App'x at 875–76; FLA. STAT. § 95.11 (2022). Viewing allegations in the light most favorable to Plaintiff, and assuming Plaintiff did not discover the "fraud" immediately, the Complaint itself references numerous instances prior to 2018 that suggest Plaintiff had, or should have had, knowledge of the alleged fraud. (*See* Doc. 1). Thus, the Court finds it apparent from the face of the Complaint that Plaintiff's claims against Defendants Britton and Richards are time-barred and accordingly, must be dismissed on statute of limitations grounds.

### B. Eleventh Amendment Immunity

In addition to other grounds for dismissal, the Report recommends the Court lacks subject matter jurisdiction over the two state officials, Defendant Coffin and Defendant Stack, because of their immunity from suit under the Eleventh Amendment. (Doc. 81, pp. 15–18). After combing through Plaintiff's Objection, the Court finds no substantive contention against this basis for dismissal. (*See* Doc. 85).

In this action, Plaintiff explicitly asserts claims against multiple government officials in their official capacities: Defendant Coffin, Program Director of the Office of Child Support Enforcement within the Florida Department of Revenue; Defendant Stack, Deputy Commissioner of New York Child Support Services;

8

Defendant Richards, Borough President of Queens; and Defendant Victoria P. Siplin ("**Defendant Siplin**"), Orange County Commissioner for District 6. (Doc. 1, ¶¶ 2–5).[13] However, "the Eleventh Amendment prohibits suits in federal court brought by a state's own citizens for damages against a state, state agency or public official in their official capacity" absent an express state waiver or congressional abrogation of the state's immunity. (Doc. 81, p. 16); *see Hobbs v. Roberts*, 999 F.2d 1526, 1528 (11th Cir. 1993); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). As Magistrate Judge Bremer correctly points out, neither exception to Eleventh Amendment immunity applies to the claims, as pled, before this Court. (*See* Doc. 81, p. 15–18). Thus, Plaintiff's claims against Defendants Coffin, Stack, Richards and Siplin as public officials of state agencies, sued in their official capacities, are barred by Eleventh Amendment immunity.

### C. Domestic Relations Exception

Lastly, Magistrate Judge Bremer recommends the Court lacks jurisdiction over Plaintiff's claims against Defendant Faressa Slaughter ("**Defendant**

---

[13] The Court notes that the Report does not address each of the aforementioned Defendants in its Eleventh Amendment immunity analysis. (*See* Doc. 81, pp. 15–18). However, this is because Magistrate Judge Bremer correctly recommends dismissal of Defendant Richards on grounds that claims against him are time-barred. (*Id*. at pp. 7–9). With regards to Defendant Siplin, the Court finds *sua sponte* dismissal for lack of jurisdiction appropriate. Plaintiff has sued Defendant Siplin in her official capacity as Orange County Commissioner, asserting claims such as conspiracy under 42 U.S.C. § 1985. (Doc. 1, ¶¶ 3, 42). However, the Eleventh Circuit has found "no express congressional abrogation of [Florida's] Eleventh Amendment immunity with respect to 42 U.S.C. § 1985 actions. Nor has the state of Florida waived its Eleventh Amendment immunity in federal civil rights actions." *Fincher v. State of Fla. Dep't of Lab. & Emp. Sec. Unemployment Appeals Comm'n*, 798 F.2d 1371, 1372 (11th Cir. 1986). Thus, Plaintiff's present claims against Defendant Siplin are barred because of Eleventh Amendment immunity as well. (*See* Doc. 81, pp. 15–18).

**Slaughter**") because they are barred by the longstanding "domestic relations exception" to federal jurisdiction. (*Id.* at pp. 9–11, 18–19).[14] The Court agrees.

Essentially, Plaintiff's claims against Defendant Slaughter pertain to actions taken in the pursuit of child support arrearages and a request for "marriage dissolution." (Doc. 1, ¶¶ 43, 45, 47). Neither controversy, however, may be decided by this Court. Historically, federal courts have abstained from hearing claims that "would require the court to delve into the parties' domestic affairs." *Rash v. Rash*, 173 F.3d 1376, 1380 (11th Cir. 1999). This jurisdictional exemption applies to "cases involving divorce . . . and enforcement of separation or divorce decrees still subject to state court modification." *McCavey v. Barnett*, 629 F. App'x 865, 867 (11th Cir. 2015) (quoting *Carver v. Carver*, 954 F.2d 1573, 1578 (11th Cir. 1992)).

Notably, the domestic relations exception originated to divest federal courts of their authority to hear cases specifically "seek[ing] the granting or modification

---

[14] In fact, Magistrate Judge Bremer alternatively recommends dismissal of all Defendants for lack of federal jurisdiction pursuant to the exemption for domestic relations. (*See* Doc. 81, pp. 9–11). However, considering the Court has previously discussed other grounds for dismissal with regards to Defendants Richards, Britton, Stack and Coffin, the Court will tailor its discussion of the domestic relations exception to Defendant Slaughter.

In any event, the Court notes that the exception arguably applies to each of Plaintiff's claims against the various Defendants. (*See id.*). Plaintiff's core allegations suggest that he merely wants to rehash, and subsequently have this Court decide the propriety of, facts integral to state court judgments regarding his parental rights, divorce status, and child support obligations. (*See, e.g.*, Docs. 1, 66, 78, 85). In doing so, Plaintiff sets forth a litany of frivolous objections to Magistrate Judge Bremer's recommendation that claims against all Defendants be dismissed pursuant to the domestic relations exception. (*See* Doc. 85, pp. 12–14). For example, the fact that Plaintiff claims "[h]e did not need, want or ask for the State or agency's assistance with supporting of his children" is irrelevant—as is that fact that Plaintiff himself believes federal courts are more eminently suited for these cases, when in fact, the Supreme Court has found otherwise. (*Id.*). Alas, this Court need not digress further as it has found other grounds for dismissal of each claim appropriate.

10

of a divorce or alimony decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 701–02 (1992); *see Barber v. Barber*, 62 U.S. 582 (1858). Accordingly, this Court lacks jurisdiction to adjudicate Plaintiff's claim against Defendant Slaughter that seeks a divorce decree. *See McCavey*, 629 F. App'x at 867; *Ankenbrandt*, 504 U.S. at 701–03; (Doc. 85, pp. 18–19). Moreover, any other claims against Defendant Slaughter boil down to disputes over previously issued child support and custody orders, thus also providing for application of the domestic relations exception. (*See* Doc. 85, pp. 18–19). Therefore, the Court lacks jurisdiction over all of Plaintiff's claims against Defendant Slaughter.

## IV. CONCLUSION

For the reasons set forth herein, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objection to the Report (Doc. 85) is **OVERRULED**;
2. Magistrate Judge Bremer's Report (Doc. 81) is **ADOPTED** and **CONFIRMED IN PART** and, to the extent discussed herein, made a part of this Order;
3. Defendant Britton's Motion to Dismiss (Doc. 49) is **GRANTED**;
4. Defendant Coffin's Motion to Dismiss (Doc. 50) is **GRANTED**;
5. Defendant Stack's Motion to Dismiss (Doc. 62) is **GRANTED**;
6. Defendant Richards' Motion to Dismiss (Doc. 77) is **GRANTED**;
7. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as to all Defendants;

8. Plaintiff's Motion for Reconsideration on Entry of Default (Doc. 67) is **DENIED AS MOOT**; and

9. The Clerk is **DIRECTED** to close the case.

**DONE AND ORDERED** in Orlando, Florida on March 9, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties